UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Maija Peterson-Rojas, | Case No. 21-cv-738 (DSD/TNL) |
| Plaintiff, | |
| v. | **ORDER** |
| Dakota County, John Galloway, and Letty Galloway, | |
| Defendants. | |

Frederick L. Neff, Neff Law Firm, P.A., 7400 Metro Boulevard, Suite 165, Edina, MN 55439 (for Plaintiff);

William M. Topka, Dakota County Attorney's Office, 1560 Highway 55, Hastings, MN 55033 (for Defendant Dakota County); and

M. Gregory Simpson, Meagher & Geer, PLLP, 33 South Sixth Street, Suite 4400, Minneapolis, MN 55402 (for Defendants John Galloway and Letty Galloway).

This matter is before the Court, United States Magistrate Judge Tony N. Leung, on Dakota County's Motion to Compel Discovery Against Plaintiff (ECF No. 30) and the Galloway Defendants' Joint Motion to Compel Discovery Against Plaintiff (ECF No. 36). For the reasons stated below, the Court grants both motions.

## I.  BACKGROUND

Plaintiff filed suit against Defendants on March 18, 2021.  (ECF No. 1.)  In her 75-page Complaint, she alleges Title VII and Minnesota Human Rights Act discrimination claims against Dakota County ("the County") (*id.* ¶¶ 82-126); defamation claims against all Defendants (*id.* ¶¶ 127-59); interference with economic advantage claims against all

1

Defendants (*id.* ¶¶ 160-90); and violation of the Minnesota Data Practices Act claims against Defendants John Galloway and the County. (*Id.* ¶¶ 191-206.) Both the County and the Galloway Defendants served discovery requests on Plaintiff; Plaintiff's response, or lack thereof, prompted the motions before the Court. (*See* ECF No. 32 at 1-2; ECF No. 38 at 1-2.)

### A. The County's Discovery Requests

The County served Plaintiff with interrogatories and a request for production of documents on June 9, 2021. (ECF No. 33 ¶ 3.) On July 12, 2021, Plaintiff served answers to interrogatories but did not file a response to the request for production of documents. (*Id.* ¶ 5.) The following day, counsel for the County emailed Plaintiff's counsel to ask whether responses were forthcoming. (*Id.* ¶ 6.) Plaintiff's counsel did not respond to this communication and no response to the County's request for production of documents was served. (*Id.* ¶ 7.) The County also found certain answers to its interrogatories deficient. It tried to resolve these issues: first, on July 21, 2021, counsel for the County sent a discovery deficiency letter to Plaintiff's counsel. (*Id.* ¶ 8.) After hearing no response, counsel for the County emailed Plaintiff's counsel to propose utilizing the Court's informal discovery resolution process to resolve the discovery issues. (*Id.* ¶ 10.) Plaintiff's counsel did not respond to either communication. (*Id.* ¶¶ 9, 11.)

### B. The Galloway Defendants' Discovery Requests

On June 30, 2021, the Galloway Defendants served Plaintiff with Set I of their interrogatories, Set I of their request for production of documents, and a request for authorizations. (ECF No. 39 ¶ 4.) More than 30 days passed, and Plaintiff did not respond

to any of the discovery requests. (*Id.* ¶¶ 7-8.) No documents have been served on the Galloway Defendants. (*Id.* ¶ 8.) On August 4, 2021, counsel for the Galloway Defendants mailed and emailed counsel for Plaintiff to inquire as to the lack of discovery responses and to request a meet confer about outstanding discovery issues. (*Id.* ¶ 9.) Plaintiff's counsel did not respond to these communications and no discovery responses have since been served. (*Id.* ¶¶ 11-12.)

### C. The Motions to Compel

The instant motions to compel followed: the County filed its motion to compel on August 5 and the Galloway Defendants filed their motion to compel on August 13. (ECF Nos. 30, 36.) Plaintiff did not respond to either motion. The Court thus struck the hearing on both motions and took the matter under advisement. (ECF No. 44.)

## II.  ANALYSIS

### A.  Legal Standard

District courts have "very wide discretion in handling pretrial discovery." *Hill v. Sw. Energy Co.*, 858 F.3d 481, 484 (8th Cir. 2017) (quotation omitted). In general, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . . ." Fed. R. Civ. P. 26(b)(1). Information need not be admissible to be discoverable. *Id.* Under the Federal Rules of Civil Procedure, a party has 30 days to respond to interrogatories and document requests. Fed. R. Civ. P. 33(b)(2); 34(b)(2)(A). Rule 37 permits a party to move for an order compelling discovery. Fed. R. Civ. P. 37(a).

## B. The County's Motion

The County first seeks an order compelling Plaintiff to answer fully interrogatories 5, 6, 9, 10, 11, 12, 14, 19, 20, 21, and 22. (ECF No. 32 at 3.) Interrogatories "may relate to any matter that may be inquired into under Rule 26(b)." Fed. R. Civ. P. 33(a)(2). All objections to interrogatories "must be stated with specificity." Fed. R. Civ. P. 33(a)(4). Evasive or incomplete disclosures, answers, or responses "must be treated as a failure to disclose, answer, or respond" for purposes of considering a motion to compel. Fed. R. Civ. P. 37(a)(4).

The Court has reviewed Plaintiff's Answers to the County's First Set of Interrogatories. (ECF No. 33-3.) It agrees that these answers are deficient. (*See* ECF No. 33-5.) These answers are non-responsive, in some instances are missing specifically requested information, and in many instances Plaintiff's answers amount to copying and pasting paragraphs from the Complaint. Plaintiff has not justified her boilerplate objections, nor has she filed any response to the County's motion. *Cf. Arctic Cat, Inc. v. Bombardier Recreational Prods., Inc.*, No. 12-cv-2692 (JRT/LIB), 2014 WL 12610146, at *7 (D. Minn. May 23, 2014) (A party objecting to a discovery request "cannot rely upon boilerplate objections, but rather they must specify how each interrogatory . . . is deficient and articulate the particular harm that would accrue if they were required to respond to the discovery request." (citing *St. Paul Reinsurance Co., Ltd. v. Com. Fin. Corp.*, 198 F.R.D. 508, 512 (N.D. Iowa 2000)). Thus, the Court will grant the County's motion as it relates to Plaintiff's answers to its interrogatories.

The Court will also grant the County's motion as it relates to its request for

production of documents. A party may file a motion to compel pursuant to Rule 37(a)(3)(B) if an opposing party "fails to produce documents or fails to respond that inspection will be permitted—or fails to permit inspection—as requested under Rule 34." Fed. R. Civ. P. 37(a)(3)(B)(iv). Plaintiff has not produced a single document to the County, has not responded to the County's attempts to resolve the lack of production, and, as previously stated, did not respond to the County's motion. The Court will order Plaintiff to respond to the County's request for production of documents.

### C. The Galloway Defendants' Motion

The Galloway Defendants bring their motion as Plaintiff has failed to provide *any* response to their discovery requests. Plaintiff has failed to answer any interrogatory or produce a single document. As previously discussed, a party may file a motion to compel the information, answers, and documents the Galloway Defendants seek. *See* Fed. R. Civ. P. 37(3)(B)(iii)-(iv). The Court will grant the Galloway Defendants' motion in its entirety and order Plaintiff to serve responses to the outstanding interrogatories, request for production of documents, and request for authorizations.

### D. Expenses and Fees

The Court is granting both motions to compel. Rule 37(a)(5) provides that if a motion compelling discovery is granted, "the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A). There are exceptions to the general requirement that these costs and fees be reimbused. *See* Fed. R.

Civ. P. 37(a)(5)(A)(i)-(iii).  It is also within the Court's discretion to award reasonable attorney's fees if a party fails to timely file and serve a memorandum of law.  D. Minn. LR 7.1(g).

Plaintiff has been derelict to respond to discovery requests and the opposing parties' communications, and to litigate this case by filing any response to either motion currently before the Court.  Pursuant to Rule 37, the parties shall be given an opportunity to be heard on the issue of reasonable expenses and fees to determine if any exception to an award applies.  *See* Fed. R. Civ. P. 37(a)(5)(A).  "[T]o satisfy [the Rule's] hearing requirement, the court can consider such questions on written submissions as well on oral hearings." *Rounds v. Hartford*, No. 4:20-CV-04010-KES, 2021 WL 4150838, at *17 (D.S.D. Sept. 13, 2021) (quotation omitted).  The Court will therefore order the parties to file written submissions on the issue of expenses and fees.

### III. ORDER

Therefore, based on the foregoing, and all of the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Dakota County's Motion to Compel Discovery Against Plaintiff (ECF No. 30) is **GRANTED**:

    a. Within 14 days of the date of this Order, Plaintiff shall fully answer the County's interrogatories 5, 6, 9, 10, 11, 12, 14, 19, 20, 21, and 22.

    b. Within 14 days of the date of this Order, Plaintiff shall serve responses to the County's request for production of documents.

2. The Galloway Defendants' Joint Motion to Compel Discovery Against Plaintiff (ECF No. 36) is **GRANTED**:

    a. Within 14 days of the date of this Order, Plaintiff shall serve responses to the Galloway Defendants' interrogatories (Set I).

    b. Within 14 days of the date of this Order, Plaintiff shall serve responses to the Galloway Defendants' request for production of documents (Set I).

    c. Within 14 days of the date of this Order, Plaintiff shall serve responses to the Galloway Defendants' request for authorizations.

3. The County and the Galloway Defendants shall each file an affidavit setting forth the time reasonably spent on their respective motions to compel, the hourly rate requested for attorneys' fees, any expenses incurred in bringing the motions to compel, and any factual matters pertinent to attorneys' fees within 14 days of this Order.

4. Plaintiff shall file any and all objections to the allowance of expenses and fees within 7 days after the filing of each affidavit.

5. All prior consistent orders remain in full force and effect.

6. Failure to comply with any provision of this Order or any other prior consistent Order shall subject the non-complying party, non-complying counsel and/or the party such counsel represents to any and all appropriate remedies, sanctions and the like, including without limitation: assessment of costs, fines and attorneys' fees and disbursements; waiver of rights to object; exclusion or limitation of witnesses, testimony, exhibits and other evidence; striking of pleadings; complete or partial dismissal with prejudice; entry of whole or partial default judgment; and/or any other relief that this Court may from time to time deem appropriate.

Dated: October  26 , 2021            *s/Tony N. Leung*
                                                    Tony N. Leung
                                                    United States Magistrate Judge
                                                    District of Minnesota

                                                    *Peterson-Rojas v. Dakota County, et al.*
                                                    Case No. 21-cv-738 (DSD/TNL)