## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

---

Maija Peterson-Rojas,                           Case No. 21-cv-738 (DSD/TNL)

        Plaintiff,

v.                                                                  **ORDER**

Dakota County, John Galloway, and Letty
Galloway,

        Defendants.

---

Frederick L. Neff, Neff Law Firm, P.A., 7400 Metro Boulevard, Suite 165, Edina, MN 55439 (for Plaintiff);

William M. Topka, Dakota County Attorney's Office, 1560 Highway 55, Hastings, MN 55033 (for Defendant Dakota County); and

M. Gregory Simpson, Meagher & Geer, PLLP, 33 South Sixth Street, Suite 4400, Minneapolis, MN 55402 (for Defendants John Galloway and Letty Galloway).

---

This matter is before the Court, United States Magistrate Judge Tony N. Leung, on Plaintiff's Motion for Leave to Amend Complaint to Add Claim for Punitive Damages (ECF No. 50) and Dakota County's (the "County") Motion for Sanctions Against Plaintiff (ECF No. 68).  For the reasons stated below, the Court denies Plaintiff's motion and grants in part and denies in part the County's motion.

## I.  BACKGROUND

Plaintiff filed suit against Defendants on March 18, 2021.  (ECF No. 1.)  In her 75-page Complaint, she alleges Title VII and Minnesota Human Rights Act ("MHRA") discrimination claims against the County (*id.* ¶¶ 82-126); defamation claims against all

Defendants (*id.* ¶¶ 127-59); interference with economic advantage claims against all Defendants (*id.* ¶¶ 160-90); and violation of the Minnesota Data Practices Act claims against Defendants John Galloway and the County. (*Id.* ¶¶ 191-206.)

Defendants have had previous difficulties in communicating with Plaintiff's counsel and receiving responses to discovery requests. (*See* Oct. 26, 2021 Order ("Oct. Order") at 2-5, ECF No. 47 (describing Plaintiff's deficiencies in properly responding to discovery requests).) Both the County and Defendants John and Letty Galloway ("Galloway Defendants") brought motions to compel responses to these discovery requests. (*See* Oct. Order at 1-5.) The Court granted these motions and awarded monetary sanctions. (*Id.* at 6-7; *see also* Dec. 15, 2021 Order ("Dec. Order") at 1-4 (awarding attorneys' fees following briefing on the issue of fees).[1])

## II. DISCUSSION

### A. Plaintiff's Motion for Leave to Amend the Complaint to Add Claim for Punitive Damages

Plaintiff brings a motion for leave to amend her Complaint to add punitive damages, and also to allow "additional defamation facts against each of the Defendants." (ECF No. 52 at 4.) The Court will deny this motion for a number of reasons.

---

[1] Of note, in its October Order, the Court ordered the County and Galloway Defendants to file affidavits setting forth the time reasonably spent on the motions to compel, the hourly rate requested for attorneys' fees, any expenses incurred in bringing the motions to compel, and any additional factual matters pertinent to the issue of attorneys' fees. (Oct. Order at 7.) The Court also ordered Plaintiff to file any objections to the allowance of expenses and fees. (*Id.*) Plaintiff did not comply with the October Order and did not object in any way to the County and Galloway Defendants' requests for fees. (Dec. Order at 2.)

### 1. Amending the Complaint

To start, a number of the proposed amendments detail additional facts,[2] and the deadline for such factual amendments had long passed by the time Plaintiff filed her motion for leave to amend. The deadline to move to amend the pleadings was August 2, 2021. (Pretrial Scheduling Order at 3, ECF No. 16.) Plaintiff filed this motion nearly three months later. Thus, Rule 16 applies with respect to Plaintiff's request to add additional facts.

Eighth Circuit precedent dictates that when a motion to amend the pleadings is filed after the deadline set in a court's pretrial scheduling order "the court may properly require, pursuant to Federal Rule of Civil Procedure 16(b), that good cause must be shown for leave to file a pleading that is out of time with that order." *Johnson v. Franchoice, Inc.*, No. 19-cv-1417 (MJD/ECW), 2020 WL 6938782, at *6 (D. Minn. Nov. 25, 2020) (citing *Freeman v. Busch*, 349 F.3d 582, 589 (8th Cir. 2003)); *see also Sherman v. Winco Fireworks, Inc.*, 532 F.3d 709, 716 (8th Cir. 2008) ("The interplay between Rule 15(a) and Rule 16(b) is settled in this circuit."). This shift to consider Rule 16(b) occurs because otherwise "we would render scheduling orders meaningless and effectively would read Rule 16(b) and its good cause requirement out of the Federal Rules of Civil Procedure." *In re Milk Prods. Antitrust Litig.*, 195 F.3d 430, 438 (8th Cir. 1999).

Plaintiff has not shown good cause to modify the Pretrial Scheduling Order to permit these amendments under either the Federal Rules of Civil Procedure or this district's local

---

[2] In fact, as pointed out by the County, Plaintiff seeks to add approximately 15 pages worth of factual allegations to her Complaint. (Cty.'s Mem. in Opp'n at 4, ECF No. 62.)

rules.  Rule 16(b) provides that the scheduling order set by a court "may be modified only for good cause and with the judge's consent."  Fed. R. Civ. P. 16(b)(4); *see also* D. Minn. LR 16.3(b) (requiring a party moving to modify a scheduling order to "establish good cause for the proposed modification" and "explain the proposed modification's effect on any deadlines.").  "The good cause standard of Rule 16(b) is an exacting one, for it demands a demonstration that the existing schedule cannot reasonably be met despite the diligence of the party seeking the extension." *IBEW Local 98 Pension Fund v. Best Buy Co., Inc.*, 326 F.R.D. 513, 522 (D. Minn. 2018) (quotation omitted).  "The 'exacting' standard set by Rule 16(b) requires that a moving party first make the requisite good cause showing." *Coleman v. Minneapolis Pub. Schs.*, No. 18-cv-2283 (DSD/ECW), 2020 WL 6042394, at *3 (D. Minn. Oct. 13, 2020) (citing *E.E.O.C. v. Hibbing Taconite Co.*, 266 F.R.D. 260, 265 (D. Minn. 2009)). "The primary measure of good cause is the movant's diligence in attempting to meet the order's requirements." *Sherman*, 532 F.3d at 716-17 (quoting *Rahn v. Hawkins*, 464 F.3d 813, 822 (8th Cir. 2006)).  "If the court is satisfied that the movant was diligent, it will also generally consider possible prejudice to the nonmovant." *Shank v. Carleton College*, 329 F.R.D. 610, 614 (D. Minn. 2019).

Plaintiff has put for no reasoning as to how she attempted to meet the Pretrial Scheduling Order's requirements.  Nor has Plaintiff explained how the modification to the scheduling order would affect other deadlines in this case.  Further, as pointed out by the County, Defendant did not serve written discovery on that Defendant until the end of August 2021.  (Cty.'s Mem. in Opp'n at 3.)  This lack of diligence does not meet the exacting standard of Rule 16.

Moreover, Plaintiff did not properly meet and confer with Defendants prior to filing her motion. The Federal Rules of Civil Procedure require a party to include "a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a)(1). The meet-and-confer requirement is also outlined by the District's Local Rules. *See* D. Minn. LR 7.1(a) ("Before filing a motion other than a motion for a temporary restraining order or a motion under Fed. R. Civ. P. 56, the moving party must, if possible, meet and confer with the opposing party in a good-faith effort to resolve the issues raised by the motion.") (emphasis added). "Before the court can rule on a motion, the parties must demonstrate they acted in good faith to resolve the issue among themselves." *Robinson v. Potter*, 453 F.3d 990, 995 (8th Cir. 2006) (emphasis added). Plaintiff did not file a meet-and-confer statement and did not meet or confer with Defendants prior to filing her motion. (*See* Galloway Defs.' Mem. in Opp'n at 7, ECF No. 64.)

## 2. Punitive Damages

This brings the Court to Plaintiff's request to add punitive damages claims against the County and Galloway Defendants. The Court has already determined that Plaintiff has not met the exacting standards of Rule 16 in order to demonstrate good cause for amending the Complaint to add voluminous factual allegations and has also noted that Plaintiff did not properly meet-and-confer with Defendants prior to filing her motion. *See supra* Section II.A.1. The Court thus looks only to the proposed amendments as it specifically relates to her claim for punitive damages.

5

### a. The County

First, Plaintiff's proposed amendments to add punitive damages claims against the County either fail as a matter of law or are futile.  The County is not liable for punitive damages under Title VII or the defamation and interference with economic advantage claims she brings against the County.  Federal law specifically bars a party from recovering punitive damages under Title VII against a government entity like the County.  *See* 42 U.S.C. § 1981a(b)(1) ("A complaining party may recover punitive damages under this section against a respondent (*other than a government, government agency or political subdivision*) . . . ) (emphasis added).  Minnesota law similarly bars the recovery of punitive damages from the County on tort claims under state law.  *See* Minn. Stat. § 466.04, subd. 1(b) ("No award for damages . . . shall include punitive damages.").

Second, Plaintiff need not amend her Complaint to add a punitive damages claim against the County under the MHRA.  Plaintiff may request punitive damages under this act at trial and state law caps these claims.  *See* Minn. Stat. § 363A.29, subd. 4(b) (capping punitive damages against political subdivisions at $25,000 and requiring punitive damages awarded be apportioned between respondents).

### b. Galloway Defendants

This leaves Plaintiff's proposed punitive damages claims against the Galloway Defendants.  "Although leave to amend 'shall be freely given when justice so requires,' *see* Fed. R. Civ. P. 15(a), plaintiffs do not have an absolute or automatic right to amend." *United States ex rel. Lee v. Fairview Health Sys.*, 413 F.3d 748, 749 (8th Cir. 2005) (citing *Meehan v. United Consumers Club Franchising Corp.*, 312 F.3d 909, 913 (8th Cir. 2002)).

The Court may deny a party's request for leave to amend only "if there are compelling reasons such as undue delay, bad faith, or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the non-moving party, or futility of the amendment." *Reuter v. Jax Ltd., Inc.*, 711 F.3d 918, 922 (8th Cir. 2013) (quoting *Sherman*, 532 F.3d at 715). "[A] motion to amend should be denied on the merits 'only if it asserts clearly frivolous claims or defenses.'" *Becker v. Univ. of Nebraska at Omaha*, 191 F.3d 904, 908 (8th Cir. 1999) (quoting *Gamma–10 Plastics, Inc. v. American President Lines, Ltd.*, 32 F.3d 1244, 1255 (8th Cir. 1994)).

Here, Galloway Defendants argue that the amendments would be futile. (Galloway Defs.' Mem. in Opp'n at 2-8.) When determining whether to deny leave to amend a complaint because a proposed amendment is futile, a court "must reach the legal conclusion that the amended complaint could not withstand a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure." *Zutz v. Nelson*, 601 F.3d 842, 850 (8th Cir. 2010). Thus, the Court looks only at the sufficiency of the allegations in the proposed amended complaint to determine whether it "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

In considering these proposed amendments, the Court agrees with the Galloway Defendants. Plaintiff's proposed amendments must state "a plausible claim for punitive damages in light of *substantive* Minnesota law." *Shank v. Carleton College*, No. 16-cv-1154 (PJS/HB), 2018 WL 4961472, at *4 (D. Minn. Oct. 15, 2018). "Minnesota's substantive law makes punitive damages available to a plaintiff upon a showing 'that the

acts of the defendant show deliberate disregard for the rights or safety of others.'" *In re McNeilus Mfgr. Explosion Coordinated Litig.*, No. 17-cv-5237 (PJS/KMM), 2019 WL 2387110, at *4 (D. Minn. June 6, 2019) (quoting Minn. Stat. § 549.20, subd. 1(a)). "Deliberate disregard occurs when 'the defendant has knowledge of facts or intentionally disregards facts that create a high probability of injury to the rights and safety of others.'" *Id.* (quoting Minn. Stat. § 549.20, subd. 1(b)).

Here, while Plaintiff has outlined at length that the Galloway Defendants have made false statements against her, and has produced evidence that she has been harmed by their conduct (as well as the County's actions and/or inactions), Plaintiff has not pleaded facts sufficiently demonstrating that the Galloway Defendants knew that their allegedly defamatory statements were false or acted with deliberate disregard as to whether the statements were false, something that is required under Minnesota law. *See* Minn. Stat. § 549.20, subd. 1(a)-(b). Her proposed amendment is thus futile. For all of the foregoing reasons, Plaintiff's motion for leave to amend is denied.

### B.  The County's Motion for Sanctions

In granting the County's first motion to compel, the Court found that answers to certain interrogatories served by the County were deficient, specifically finding that "[t]hese answers are non-responsive, in some instances are missing specifically requested information, and in many instances [the] answers amount to copying and pasting paragraphs from the Complaint." (Oct. Order at 4.) It ordered Plaintiff to "fully answer" County interrogatories 5, 6, 9, 10, 11, 12, 14, 19, 20, 21, and 22. (*Id.* at 6.)

The County now brings its motion for sanctions, arguing that Plaintiff's answers to

interrogatories 5, 6, 9, 10, 11, 12, and 14 remain deficient. (Cty.'s Mem. in Supp. at 2, ECF No. 71.) The County states that prior to filing its motion, it e-mailed a deficiency letter to Plaintiff outlining how Plaintiff's supplemental responses to the interrogatories were deficient. (Cty.'s Mem. in Supp. at 5; Ex. 3 to Topka Decl., ECF No. 72-3.)

The Court has reviewed Plaintiff's supplemental answers to the County's interrogatories as well as the County's letter. (Exs. 2 and 3 to Topka Decl., ECF Nos. 72-2, 72-3.) It agrees with the County that Plaintiff's answers remain deficient.

For example, interrogatory number 5 asks the following:

> **INTERROGATORY 5:** If you are claiming that the County is liable to you under a legal theory other than any of the following, identify that legal theory:
>
> (a) Sexual harassment (Title VII and Minnesota Human Rights Act);
>
> (b) Gender discrimination (Title VII and Minnesota Human Rights Act);
>
> (c) Defamation;
>
> (d) Tortious interference with prospective economic advantage; and
>
> (e) Violation of the Minnesota Government Data Practices Act.

(Ex. 2 to Topka Decl. (hereinafter "Supplemental Responses") at 4-5.) Plaintiff's response is utterly nonresponsive. Following a set of largely boilerplate objections, Plaintiff refers to her motion to amend the complaint to add punitive damages and supporting documents. (*Id.* at 5.) She then seems to copy and paste factual allegations either gathered from her Complaint or the additional facts outlining her claim to punitive damages. (*See id.*) The

9

response does not clarify which legal theory, statutes, or law with which Plaintiff brings her claims against the County. And, given the shotgun nature of the Complaint, *see supra* Sections I and II.A, it is entirely understandable that the County would request this information in order to be prepared adequately to defend itself from suit. *See Gurman v. Metro Housing and Redevelopment Authority*, 842 F. Supp. 2d 1151, 1153 (D. Minn. 2011) ("It is [Plaintiff's] burden, under both Rule 8 and Rule 11, to reasonably investigate [her] claims, and to plead those claims concisely and clearly, so that a defendant can readily respond to them and a court can readily resolve them.").

The Court also finds that Plaintiff's responses to interrogatories 6, 9, 10, 11, 12, and 14 are non-responsive. Many of these responses are multiple pages, and again copy and paste paragraphs from the Complaint or proposed Amended Complaint. Listing out various facts in the Complaint does not answer the questions posed by the interrogatories.

District courts have "very wide discretion in handling pretrial discovery." *Hill v. Sw. Energy Co.*, 858 F.3d 481, 484 (8th Cir. 2017) (quotation omitted). In general, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . . ." Fed. R. Civ. P. 26(b)(1). "An interrogatory may relate to any matter that may be inquired into under Rule 26(b)." Fed. R. Civ. P. 33(a)(2). "A party seeking discovery may move for an order compelling an answer, designation, production, or inspection." Fed. R. Civ. P. 37(a)(3)(B); *see also* Fed. R. Civ. P. 37(a)(3)(B)(iii)-(iv).

Plaintiff does not dispute that the information sought within these interrogatories is within the scope of discoverable information or that it would be unduly burdensome to

answer and has therefore waived those arguments. *Inline Packaging, LLC v. Graphic Packaging Int'l, Inc.*, No. 15-cv-3183 (ADM/LIB), 2016 WL 6997113 (D. Minn. Sept. 6, 2016) (citing *Scheffler v. Molin*, No. 11-cv-3297 (JNE/JJK), 2012 WL 3292894, at \*6 (D. Minn. Aug. 10, 2012)). In fact, the objections made by Plaintiff relate mostly to her argument that she should be able use evidence obtained in this case. (*See* Supplemental Responses at 5, 6, 15, 17, 23, 26, 44-45; *see also* Pl.'s Mem. in Opp'n, ECF No. 78.) These objections, however, do not relieve Plaintiff of her burden to provide responsive answers to the County's interrogatories, something which she still has not done.

The County asks that this Court recommend dismissal of Plaintiff's suit against the County, arguing that Plaintiff has willfully violated the Court's October Order causing prejudice to the County. (Cty.'s Mem. in Supp. at 2-3.)

Under Rule 37, if a party "fails to obey an order to provide or permit discovery," a court may issue an order that includes the following:

> (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
>
> (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
>
> (iii) striking pleadings in whole or in part;
>
> (iv) staying further proceedings until the order is obeyed;
>
> (v) dismissing the action or proceeding in whole or in part;
>
> (vi) rendering a default judgment against the disobedient party; or

> (vii) treating as contempt of court the failure to obey any order
> except an order to submit to a physical or mental examination.

Fed. R. Civ. P. 37(b)(2)(A)(i)-(vii).

Rule 37 sanctions are "not merely to penalize those whose conduct may be deemed to warrant such a sanction, but to deter those who might be tempted to such conduct in the absence of such a deterrent." *Nat'l Hockey League v. Metro. Hockey Club, Inc.*, 427 U.S. 639, 643 (1976) (per curiam). "A court's discretion to issue Rule 37 sanctions is bounded by the requirement of Rule 37(b)(2) that the sanction be just and relate to the claim at issue in the order to provide discovery." *Owens v. Linn Companies*, No. 16-cv-776 (WMW/TNL), 2017 WL 2304260, at *11 (D. Minn. Apr. 17, 2017) (quotations omitted), *report and recommendation adopted*, 2017 WL 2304210 (D. Minn. May 25, 2017), *aff'd*, 720 Fed. App'x 816 (8th Cir. May 1, 2018).

"To justify a sanction of dismissal, Rule 37 requires: '(1) an order compelling discovery, (2) a willful violation of that order, and (3) prejudice to the other party.'" *Sentis Grp., Inc. v. Shell Oil Co.*, 559 F.3d 888, 899 (8th Cir. 2009) (quoting *Schoffstall v. Henderson*, 223 F.3d 818, 823 (8th Cir. 2000)). Dismissal "is among the harshest of sanctions, and 'there is a strong policy in favor of deciding a case on its merits, and against depriving a party of [her] day in court.'" *Id.* at 898 (quoting *Fox v. Studebaker-Worthington, Inc.*, 516 F.3d 1016, 1020 (8th Cir. 1975)). Nevertheless, "dismissal is within the range of acceptable sanctions." *Owens*, 2017 WL 2304260, at *11. "When the facts show willfulness and bad faith, the district court need not investigate the propriety of a less extreme sanction." *Id.* (citing *Hariston v. Alert Safety Light Prods., Inc.*, 307 F.3d 717,

719 (8th Cir. 2002)).

At this time, the Court finds that the extreme and harsh sanction of recommending dismissal of Plaintiff's claims against the County unwarranted.  In its discretion, however, the Court will grant the County's motion for sanctions in part and again order Plaintiff to reimburse the County all reasonable expenses and attorneys' fees associated with bringing the motion for sanctions.  Fed. R. Civ. P. 37(b)(2)(C).  The Court will also again order Plaintiff to respond fully and appropriately to the interrogatories at issue.

Nevertheless, the Court notes its concern with the behavior of Plaintiff's counsel throughout this litigation.  The County and Galloway Defendants have put forth evidence showing that Plaintiff's counsel has failed to respond to meet and confer emails and discussions regarding an ESI discovery plan.  (*See, e.g.*, Cty.'s Mem. in Supp. at 16-17; *cf.* Oct. Order at 6 ("Plaintiff has been derelict to respond to discovery requests and the opposing parties' communications, and to litigate this case by filing any response to either motion before the Court.").)  The County has also raised a concern that Plaintiff's counsel is being significantly assisted by an individual that is unauthorized to practice law.  (*See* Cty.'s Mem. in Supp. at 18-19; Topka Decl. ¶¶10-11, ECF No. 72.)  While the Court makes no definitive finding on this allegation, it is one that it takes seriously.

With the record before it, the Court finally warns Plaintiff that it will not hesitate to recommend dismissal of her claims against the County in the event she does not provide responsive answers to the interrogatories in question.

## III. ORDER

Therefore, based on the foregoing, and all of the files, records, and proceedings

13

herein, **IT IS HEREBY ORDERED** that:

1. Plaintiff's Motion for Leave to Amend Complaint to Add Claim for Punitive Damages (ECF No. 50) is **DENIED**.

2. Dakota County's Motion for Sanctions Against Plaintiff (ECF No. 68) is **GRANTED IN PART** and **DENIED IN PART**.

3. Within 14 days of the date of this Order, Plaintiff shall serve answers responsive to the County's interrogatories 5, 6, 9, 10, 11, 12, and 14.

4. The County shall file an affidavit setting forth the time reasonably spent on its motion for sanctions, the hourly rate requested for attorneys' fees, any expenses incurred in bringing the motion for sanctions, and any factual matters pertinent to attorneys' fees within 14 days of this Order.

5. Plaintiff shall file any and all objections to the allowance of expenses and fees within 7 days after the filing of this affidavit.

6. All prior consistent orders remain in full force and effect.

7. Failure to comply with any provision of this Order or any other prior consistent Order shall subject the non-complying party, non-complying counsel and/or the party such counsel represents to any and all appropriate remedies, sanctions and the like, including without limitation: assessment of costs, fines and attorneys' fees and disbursements; waiver of rights to object; exclusion or limitation of witnesses, testimony, exhibits and other evidence; striking of pleadings; complete or partial dismissal with prejudice; entry of whole or partial default judgment; and/or any other relief that this Court may from time to time deem appropriate.

Dated: February __4__, 2022                    _____*s/Tony N. Leung*_____
                                               Tony N. Leung
                                               United States Magistrate Judge
                                               District of Minnesota

                                               *Peterson-Rojas v. Dakota County, et al.*
                                               Case No. 21-cv-738 (DSD/TNL)